IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01970-BNB

STANLEY RAVINE,

    Applicant,

v.

BCCF UNIT MANAGER CEBULSKI, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 6 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Stanley Ravine, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Ravine, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C § 2254. He has paid the $5.00 filing fee.

The Court must construe the application liberally because Mr. Ravine is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ravine will be ordered to file an amended application.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Ravine go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. *See Ruark v.*

*Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Mr. Ravine must allege on the Court-approved form both the claims he seeks to raise and the specific facts to support each asserted claim. The Court has reviewed the application submitted to the Court on August 16, 2011, and finds that it is deficient. Mr. Ravine fails to assert on pages five and six a statement of the claims he intends to raise in this Court.

Therefore, Mr. Ravine will be ordered to file an amended application in which he identifies, on the Court-approved form, the specific claims for relief he is asserting, and the specific facts in support of each asserted claim.

Finally, Mr. Ravine is advised that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Therefore, BCCF Unit Manager Cebulski is not a proper party to this action. Instead, the proper Respondent in this action is the warden of Bent County Correctional Facility. Accordingly, it is

ORDERED that **within thirty days from the date of this order** Applicant, Stanley Ravine, file an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Ravine shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Ravine fails within the time allowed to file an

amended application as directed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 16th day of September, 2011.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01970-BNB

Stanley Ravine
Prisoner No. 141155
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 16, 2011.

                      GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk